UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CHARLES BOSARGE** )<br>)<br>    Plaintiff,    )<br>)<br>**v.**  )<br>)<br>**T-MOBILE USA, INC., et. al.,** )<br>)<br>    Defendants.  ) | CASE NUMBER: 1:07cv12 – CG-C |

**BRIEF IN SUPPORT OF DEFENDANT, SOUTHWEST CREDIT SYSTEMS, LP, MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the Defendant, Southwest Credit Systems, LP, ("Southwest Credit"), and in support of its motion for summary judgment, filed concurrently herewith, files the following memorandum brief.

## STATEMENT OF UNDISPUTED FACTS

1.      On or about the 21st day of July, 2002, the plaintiff, Charles Bosarge, purchased from T-Mobile a telephone plan with the understanding that if he did not receive good reception or was not pleased with the plan or the phone, he had 72 hours to return the phone for a full and complete credit. (Complaint ¶ 1). Plaintiff alleges he was not pleased with the reception or the phones as supplied by the Defendant T-Mobile and he returned the phones on July 21, 2002. (Complaint ¶ 1).

2.      The plaintiff continued to receive a bill from Defendant T-Mobile. (Complaint ¶ 2). The plaintiff alleges he notified T-Mobile repeatedly that the account had been paid in full and he claims it was represented to him that in fact the account had been satisfied. (Complaint ¶ 2).

1

3. On or about September 17, 2002 plaintiff received a demand from Bay Area Credit Service, Inc. concerning payment of the account with T-Mobile. (Complaint ¶ 2). The plaintiff contacted T-Mobile and again was told the account was satisfied. (Complaint ¶ 2).

4. T-Mobile subsequently transferred this account to Southwest Credit, a debt collector, for collection. (Complaint ¶ 3).

5. The plaintiff does not allege – nor has he provided any evidence – that Southwest Credit received notice from any credit reporting agency of a dispute regarding this account.

## SUMMARY OF PLAINTIFF'S COMPLAINT AGAINST SOUTHWEST

The plaintiff's complaint against Southwest Credit alleges "negligence" and "wantonness" in "causing the account of Charles Bosarge to be reported as delinquent and in causing the account of Charles Bosarge to be reported to the major credit reporting agencies" (Counts One and Two); violations of the Fair Credit Reporting Act (Count Three); libel for causing false and derogatory information to be published to credit reporting agencies (Count Four), and conspiracy among the Defendants (Count Five). The complaint does not allege how the defendants have conspired, but simply refers to the previous paragraphs within the complaint.

## **STANDARD OF REVIEW**

The standard of review to be applied in a motion for summary judgment is as follows:

> Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Bailey v. Allgas, Inc.*, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Anderson*, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, at 249. (internal citations omitted).
>
> The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non moving party, and resolve all reasonable doubts about the facts in its favor. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. "*Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992 (citing *Merchantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

*Loftin-Taylor v. Verizon Wir*eless, 2006 U.S. Dist. LEXIS 83684, * 7-9.

**ARGUMENT**

**I.     Mr. Bosarge's claims pursuant to the FCRA must be dismissed because Southwest Credit never received notice of a dispute from any credit reporting agency.**

Count Three of Bosarge's complaint alleges Southwest Credit violated the Fair Credit Reporting Act. (Complaint ¶ 14).  Specifically, Bosarge alleges "the Defendants were on notice" the account had been paid, and notwithstanding, caused the account to be reported as delinquent. (Complaint ¶ 14).  Although the complaint does not specify which particular section of the FCRA Southwest Credit violated, "the only provision under which plaintiff could allege a private right of action against [Southwest Credit], as a furnisher of information, is § 1681s-2(b)." *Loftin-Taylor v. Verizon Wireless*, 2006 U.S. Dist. LEXIS 83684, at *15 (S.D. Ala. 2006), citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60, (9th Cir. 2002) (Through § 1681n and § 1681o, the FCRA provides a private right of action for violations of § 1681s-2(b)).

As this court recognized in *Loftin-Taylor*, "[s]ection 1681s-2(b) requires that, upon receipt of a notice of dispute from a credit reporting agency, a furnisher of information is required to conduct an investigation, review relevant information provided by the credit reporting agency, report the results of the investigation, and, in the event the investigation determines that the information is either incomplete or inaccurate, report the results to all agencies to whom the furnisher reports such information." *Id., citing* 15 U.S.C. § 1681s-2(b)(1)(A)-(D).  This court held that "[a] prerequisite for a claim under § 1681s-2(b) is that … the furnisher of information received notice of a dispute from [a credit reporting agency]. *Id.*, citing 15 U.S.C. §§ 1681i, 1681s-2(b).

4

Like the plaintiff in *Loftin-Taylor,* the plaintiff in this case has presented no evidence that any credit reporting agency notified Southwest Credit of a dispute. To prevail on a §1681s-2(b) claim, the plaintiff must show that a credit reporting agency [CRA] notified Southwest Credit of information about the consumer's dispute pursuant to a §1681i(a)(2). *See Abbett v. Bank of Am.,* 2006 U.S. Dist LEXIS 12649, at *3 ("To prevail on a § 1681s-2(b) claim, Mr. Abbett must show that a CRA notified the furnisher of information about the consumer's dispute pursuant to §1681i(a)(2). This notice triggers the furnisher's duties under § 1681s-2(b)."); *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (duty arises only after receiving notice of a dispute from a credit reporting agency). Because Bosarge has not – and can not – provide any evidence Southwest Credit received notice of a dispute from any CRA, based on the above authority, the plaintiff's claim alleging Southwest Credit violated the FCRA is due to be dismissed.

## II.     The Plaintiff's State Law Claims Are Preempted By The FCRA.

The plaintiff's complaint also alleges Southwest Credit's conduct as described in the complaint constituted negligence, wantonness, and libel. (See Complaint ¶¶ 4, 10, and 18). However, each of these state law claims is preempted by the FCRA. Section 1681t(a) provides as follows:

> (a) In general. Except as provided in subsections (b) and (c), this title does not annul, alter, affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this title and then only to the extent of the inconsistency.

15 U.S.C. § 1681t.  Section 1681t(b)(1)(F) provides:

> (b) General exceptions.  No requirement or prohibition may be imposed under the laws of any State -- (1) with respect to any subject matter regulated under -- (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to two statutory exemptions concerning Massachusetts and California].

*Lofton-Taylor v. Verizon Wireless*, 2006 U.S. Dist. LEXIS 83684 (S.D. Ala. 2006), quoting, 15 U.S.C. § 1681t(b)(1)(F).

This court, in *Lofton-Taylor*, held that because there is no private right of action against furnishers of information for making inaccurate reports, allowing any private state law action to proceed against a furnisher of information based on violations of duties established by § 1681s-2(a) is inconsistent with the FCRA. *Id*. at *19-20.  Each of the plaintiff state law claims is based on alleged violations of duties established by § 1681s-2(a) regarding the furnishing of inaccurate information.  Counts One and Two of the complaint allege Southwest Credit acted negligently and wantonly in causing "the account of Charles Bosarge to be reported as delinquent and in causing the account of Charles Bosarge to be reported to the major credit reporting agencies[.]" (Complaint ¶¶ 4, 10).  Count Four alleges Southwest Credit "caused to be published to third-parties, namely credit reporting agencies, false and derogatory information relative to the credit of Charles Bosarge. (Complaint ¶ 16).  These state law claims are strikingly similar to those alleged in *Loftin-Taylor*, which this court correctly held were based on duties established by § 1681s-2(a).  In *Lofton-Taylor*, the plaintiff's state law claims were based on the "reporting of adverse information against Plaintiff's credit report, knowing that

Plaintiff owed no debt and never had an account with Verizon Wireless." *Id*. at *20, n. 4, quoting Complaint ¶¶ 25, 28.

As this court held in *Loftin-Taylor,* "allowing any private state law action to proceed against [a] defendant based on violations of duties established by § 1681s-2(a) is inconsistent with the FCRA." *Id.*, at *26.  Accordingly, because the plaintiff's state law claims are based on the allegation that Southwest Credit furnished inaccurate information to the credit reporting agencies, these claims are preempted.

### III.  The Plaintiff's Remaining Claim of Conspiracy Is Due To Be Dismissed.

Finally, the plaintiff alleges Southwest Credit, through the conduct described above, engaged in conspiracy. (Complaint ¶ 20).  This claim must likewise fail because the underlying claims of negligence, wantonness, libel, and FCRA violations are due to be dismissed as discussed above. *See Allied Supply Co. v. Brown*, 585 So. 2d 33, 36 (Ala. 1991) (summary judgment on conspiracy claim proper where underlying causes of action of fraud, breach of fiduciary duty, and misappropriation of trade secrets were not viable).

### CONCLUSION

The plaintiff has presented no viable cause of action.  In order to present a claim under the FCRA, the plaintiff must allege and prove the defendant received notice of a dispute from a credit reporting agency.  Unless and until this occurs, the defendant has no duty to the plaintiff per the FCRA.  Because no such notice was provided in this case, the FCRA claim must be dismissed.

Furthermore, the FCRA is the only claim available to the plaintiff.  The state law claims attempted to be asserted by the plaintiff are specifically preempted by the statutory

language of the FCRA. Because the state law claims are preempted by the FCRA, and the plaintiff cannot maintain an FCRA cause of action, this entire matter is due to be dismissed as no genuine issue of material fact remains and the defendant is entitled to a judgment in its favor as a matter of law.

          Respectfully submitted,

          /s/ Neal D. Moore
          Neal D. Moore
          Stephen R. Shows
          *Attorneys for Defendant*
          *Southwest Credit Systems, LP*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama 35243-0189
(205) 879-8722 Phone
(205) 879-8831 Fax

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 10th day of April, 2007, the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John W. Parker
820 S. University Blvd., Suite 2-F
Mobile, Alabama 36609
*Attorney for Plaintiff*

George M. Walker
**HAND ARENDALL, LLC**
107 St. Francis Street
AmSouth Bank Building Suite 3000
Mobile, AL 36602
*Attorney for Defendant*
*T-Mobile USA, Inc.*

Kristine McAlister Brown
Tracy M. Elliott
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
*Attorneys for Defendant*
*T-Mobile USA, Inc.*

/s/ Neal D. Moore
OF COUNSEL

145399