IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES BOSARGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 07-0012-CG-C |
| | ) |
| T-MOBILE USA, INC., <u>et</u> <u>al.</u>, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of defendant, Southwest Credit Systems, LP ("Southwest Credit"), for summary judgment (Doc. 33), plaintiff's response thereto (Doc. 36), Southwest Credit's reply (Doc. 39), and Southwest Credit's motion to strike (Doc. 40). The court finds that plaintiff has failed to state a claim against Southwest Credit under the Fair Credit Reporting Statute and that plaintiff's state law claims are preempted. Therefore summary judgment is due to be **GRANTED** in favor of Southwest Credit.

**FACTS**

On July 21, 2002, the plaintiff, Charles Bosarge, purchased from T-Mobile[1] a mobile phone plan with the understanding that if he did not get good reception or was not pleased with the plan or the phones he had seventy-two hours to return the phones for a full and complete

---

[1] According to plaintiff, the purchase was actually made from Voicestream Wireless a company that is now known as T-Mobile. There appears to be no dispute over the identity of these parties.

1

credit. (Complaint at ¶ 1). On July 21, 2002, plaintiff was not pleased with the reception. He returned the phones and received a full credit for the transaction. (Id.). However, plaintiff continued to receive a bill from T-Mobile and contends that he notified T-Mobile repeatedly that the account had been paid in full. (Id. at ¶ 2). On September 17, 2002, plaintiff received a demand from Bay Area Credit Service, Inc. concerning payment of the account. (Id. at ¶ 2). Plaintiff reportedly contacted T-Mobile again and was told the account was satisfied. (Id.). T-Mobile placed plaintiff's account with Southwest Credit for collection. (Id. at ¶ 3). In May 2006, plaintiff alleges he was denied credit as a result of defendants having reported plaintiff's account as delinquent. Plaintiff asserts that he contacted Southwest Credit and was told it would be deleted. However, plaintiff contends that he continued to be denied credit in November and December 2006. Plaintiff contends that Experian showed plaintiff had a delinquent T-Mobile account as recently as January 4, 2007.

## LEGAL ANALYSIS

### A. Motion to Strike

Defendant, Southwest Credit, moves to strike the affidavit of Charles Bosarge, all exhibits to the affidavit, and plaintiff's exhibit 2 on the basis that they constitute hearsay not within any exception and are irrelevant. (Doc. 40). Although plaintiff filed no opposition to the motion, the court finds the affidavit and exhibits are not material to the court's determination. Therefore, the court finds that the motion to strike is **MOOT**.

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that

party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Plaintiff's Claims Against Southwest Credit**

The complaint alleges that (1) Southwest Credit was negligent and wanton in causing plaintiff's account to be reported as delinquent and in causing the account to be reported to the major credit reporting agencies, (2) Southwest Credit violated the Fair Credit Reporting Statute (FCRS), and (3) Southwest Credit is liable for publishing false and derogatory information in writing and in print.   Southwest Credit asserts that plaintiff has failed to state a claim under FCRA and that his state law claims are preempted by the FCRA.[2]

---

[2] Plaintiff's complaint also alleges a conspiracy claim against "Defendants, A, B and C." However, fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure. See, e.g., FED. R. CIV. P. 10(a); 28 U.S.C. § 1441(a); Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090, 1098 n. 14 (11th Cir. 1992); Weeks v. Benton, 649 F.Supp. 1297, 1298 (S.D. Ala. 1986).  Plaintiff has not identified defendants A, B and C.  Thus,

**1. FCRA Claim**

"The FCRA reflects Congress's concern with the 'need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.'" Yang v. Government Employees Ins. Co., 146 F.3d 1320, 1322 (11th Cir. 1998) (quoting 15 U.S.C.A. § 1681(a)(4)).  Plaintiff does not specify in the complaint which provision of the FCRA he contends Southwest Credit has violated.  Southwest Credit clearly does not constitute a consumer reporting agency,[3] but instead is a "furnisher of information."  "In 1996, Congress amended the FCRA to impose duties upon persons who furnish information to credit reporting agencies . . . .  See 15 U.S.C. § 1681s-2.  Prior to these amendments, the FCRA did not impose any duties on those furnishing information to credit reporting agencies." Lofton-Taylor v. Verizon Wireless, 2006 WL 3333759, *4 (S.D. Ala. Nov. 14, 2006), affirmed, 2008 WL 189853 (11th Cir. January 23, 2008) (citation omitted).

Section 1681s-2(a) sets out the duty of furnishers of information to provide accurate information, and § 1681s-2(b) sets out the duties of furnishers of information upon notice of a dispute.  Plaintiff claims that Southwest Credit was negligent and wanton in causing plaintiff's account to be reported as delinquent and in causing the account to be reported to the major credit reporting agencies.  The FCRA does not provide a federal private right of action under § 1681s-2(a).  See § 1681s-2(c)(1) ("... sections 1681n and 1681o of this title do not apply to any

---

the fictitious party claims asserted in **Count Five** are hereby **STRICKEN**.

[3] The Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), defines "consumer reporting agency" as follows:
> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

violation of-(1) subsection (a) of this section, including any regulations issued thereunder . . ."). Courts have routinely held that § 1681s-2(a) may be enforced only by the Government as provided in the statute even though it creates an affirmative obligation to refrain from reporting inaccurate information. See Riley v. General Motors Acceptance Corp., 226 F.Supp.2d 1316, 1319 (S.D. Ala. 2002) ("Thus, because he is not the Attorney General of Alabama or an appropriate federal official, the plaintiff has no standing to allege claims under 1681s-2(a)") (citations omitted); see also Abbett v. Bank of America, 2006 WL 581193, *5 (M.D. Ala. March 8, 2006); Acosta v. Campbell, 2006 WL 146208, *13 (M.D. Fla. January 18, 2006).   Thus, the only provision under which plaintiff could allege a private right of action against Southwest Credit, as a furnisher of information, is § 1681s-2(b). See Lofton-Taylor v. Verizon Wireless, 2006 WL 3333759, at *5 (citing Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002) (Through § 1681n and § 1681o, the FCRA provides a private right of action for violations of § 1681s-2(b).).

Section 1681s-2(b) requires that, upon receipt of a notice of dispute from a credit reporting agency, a furnisher of information is required to conduct an investigation, review relevant information provided by the credit reporting agency, report the results of the investigation, and, in the event the investigation determines that the information is either incomplete or inaccurate, report those results to all agencies to whom the furnisher reports such information. 15 U.S.C. § 1681s-2(b)(1)(A)-(D).  A prerequisite for a claim under § 1681s-2(b) is that Southwest Credit, as the furnisher of information, received notice of a dispute from Experian or some other credit reporting agency. See 15 U.S.C. §§ 1681i, 1681s-2(b).  Plaintiff has presented no evidence that Experian or any other credit reporting agency notified Southwest Credit of a dispute.  Plaintiff reports notifying Southwest Credit of the problem, but does not report contacting Experian.  Southwest Credit reported to plaintiff that the account information had been deleted in its records and §1681s-2(b) does not impose a duty on Southwest Credit to follow up with the credit reporting agency unless and until the credit reporting agency notifies it

of a dispute. See Abbett, 2006 WL 581193 at *3 ("To prevail on a § 1681s-2(b) claim, Mr. Abbett must show that a CRA notified the furnisher of information about the consumer's dispute pursuant to § 1681i(a)(2); Acosta v. Campbell, 2006 WL 146208, at *13 n 12 ("Although Acosta could bring a private action under § 1681s-2(b), which imposes additional duties once the furnisher of information receives notice of the consumer's dispute from a credit reporting agency, he has not alleged that he contacted the credit reporting agencies to dispute the foreclosure, or that the credit reporting agencies notified CitiMortgage that Acosta was disputing the debt."). This notice triggers the furnisher's duties under § 1681s-2(b)."); Young v. Equifax Credit Info. Serv., 294 F.3d 631, 639 (5th Cir. 2002) (duty arises only after receiving notice of a dispute from a credit reporting agency). Plaintiff has not even alleged that he contacted Experian. There has likewise been no allegation, evidence, or argument that Experian or any other credit reporting agency notified Southwest Credit of a dispute. Thus, the court finds that summary judgment should be granted in favor of defendant as to plaintiff's FCRA claim.

### 2. State Law Claims

Plaintiff asserts that Southwest Credit was negligent and wanton in causing plaintiff's account to be reported as delinquent and in causing the account to be reported to the major credit reporting agencies, and that Southwest Credit is libel for publishing false and derogatory information in writing and in print. Defendant asserts that these state law claims are preempted by FCRA.

The FCRA contains express preemption provisions: 15 U.S.C. §§ 1681t(a) and 1681t(b)(1)(F). Section 1681t(a) provides the following:

> (a) In general
> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

Section 1681t(b)(1)(F) provides:

> (b) General exceptions
> No requirement or prohibition may be imposed under the laws of any State--
> (1) with respect to any subject matter regulated under--
>> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to two statutory exemptions concerning Massachusetts and California].

The District Court for the Middle District of Alabama has stated that the above preemption provision mandates "compliance with state laws with two exceptions: (1) where state laws are inconsistent with the FCRA; and (2) where a State has imposed a requirement or prohibition on furnishers of information to [credit reporting agencies.]" Abbett, 2006 WL 581193 at *5.  In the instant case, the alleged state law violations concern conduct which is regulated by § 1681s-2.  Although plaintiff's FCRA claim was analyzed under § 1681s-2(b) since that is the only provision under which there exists a private right of action against furnishers of information, plaintiff's claims fall more appropriately under section 1681s-2(a), which sets out the duty of furnishers of information to provide accurate information.  Plaintiff's state law claims assert Southwest reported inaccurate information.  In Abbett, the Middle District of Alabama concluded that because there is no private right of action against furnishers of information for making inaccurate reports, "[a]llowing any private state law action to proceed against a furnisher of information based on violations of duties established by § 1681s-2(a) is inconsistent with the FCRA." Id.; see also Knudson v. Wachovia Bank, 513 F.Supp.2d 1255, 1261 (M.D. Ala. 2007) ("Allowing a private right of action under state law for conduct regulated by § 1681s-2(a) is, therefore, inconsistent with the FCRA, and preempted under § 1681t(a).") (citing Abbett, 2006 WL 581193 at *5); Allmond v. Bank of America, 2008 WL 205320, *7 M.D. Fla. 2008) (citing Knudson). The conclusion of the Middle District of Alabama is consistent with this court's conclusion in Lofton-Taylor v. Verizon Wireless.  The court adopts that analysis, and finds that all of plaintiff's state law claims are preempted.

## **CONCLUSION**

For the reasons stated above, the motion of defendant, Southwest Credit Systems, LP, for summary judgment (Doc. 33) is **GRANTED,** and all claims against Southwest Credit Systems, LP, are hereby **DISMISSED**.

**DONE and ORDERED** this 17th day of March, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE